IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ALBERT EDMOND, # 30523                                                           PETITIONER

VERSUS                                                    CIVIL ACTION NO. 2:12-cv-159-KS-MTP

RONALD KING                                                                       RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Edmond, an inmate currently incarcerated in the South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, files this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Upon review of the petition [1] and consideration of the applicable case law, this Court has determined that Petitioner cannot maintain the instant petition for habeas relief.

Background

Petitioner files the instant habeas petition challenging whether he should have been denied parole in March 2012. Pet. [1] at 14. According to the petition [1], Petitioner filed an appeal of the denial of his parole by the Circuit Court of Greene County, Mississippi (case number 2012-045(1)) to the Mississippi Supreme Court in cause number 2012-M-00881, which was denied on July 26, 2012.[1]

In his petition [1], Petitioner asserts as grounds for habeas relief the following:

Ground One:  Petitioner's set-off was based on false information.

---

[1] Even though Petitioner is not putting into issue his conviction, for purposes of background information, this Court finds that Petitioner was convicted of rape in 1974 in the Circuit Court of Hinds County, Mississippi, and was sentenced to serve a term of life imprisonment. *See Edmond v. State*, 312 So.2d 702 (Miss. 1975). In 1982, Petitioner was released on parole, but his parole was revoked a little over a month later when he was charged with "malicious trespass." *See Edmond v. Mississippi Dep't of Corr.*, 783 So.2d 675, 677 (Miss. 2001).

> Ground Two: That Miss. Code Ann. Section 47-7-17 was unconstitutional as applied to Petitioner's life sentence.
>
> Ground Three: That House Bill No. 2, 2009, amending Section 47-7-5 was unconstitutional as applied to Petitioner.
>
> Ground Four: That trial court erred in its dismissal for lack of jurisdiction.

<u>Analysis</u>

A petitioner is required to allege that he has been deprived of a Constitutional right in order to maintain a request for habeas relief. *See Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Petitioner argues that he has been denied parole in violation of the Constitution. As discussed below, Petitioner's grounds for habeas relief do not establish that he has been denied a constitutional right and therefore, the instant habeas petition will be dismissed.

Petitioner's first ground for habeas relief is based on his claim that his "set-off" was based on false information. Pet. [1] at 5. The Constitution does not provide that a prisoner will be released before the expiration of a valid sentence. *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, the Mississippi parole statutes, Mississippi Code Annotated §§ 47-7-1, 47-7-17, do not create a protected liberty interest in parole. *See Scales v. Mississippi State Parole Board*, 831 F.2d 565 (5th Cir. 1987). Because Petitioner has no liberty interest in obtaining parole in Mississippi, he cannot state a ground for habeas relief based on a claim of the "denial of due process, abuse of discretion, or consideration of false or improper facts." *See Cotton v. Booker*, No. 98-60106, 1998 WL 912201, at *1 (5th Cir. 1998); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

As his second ground for habeas relief, Petitioner claims that Mississippi Code Annotated § 47-7-17 is unconstitutional because he has been set-off 23 times for basically the

same reasons.  Pet. [1] at 7.  Clearly, the Mississippi parole statutes confer "absolute discretion" on the Parole Board to grant or deny parole.  *See Gates v. Mississippi Dep't of Corr. Parole Bd.*, 210 F.3d 369, at *1 (5th Cir. 2000) (citing *Scales v. Mississippi State Parole Bd.*, 831 F.2d 565 (5th Cir. 1987)).  Petitioner's additional argument that the Parole Board should not have "unfettered discretion" in its parole decisions has been rejected as an attempt to have this Court "force the parole board to do what the Mississippi State Legislature has refused to do, put forth mandatory criteria creating a liberty interest in parole" and has been found to be frivolous.  *See Reed v. Murphy*, 3 F.3d 440, at *1 (5th Cir. Aug. 20, 1993).  Based on the foregoing, Petitioner's claims that the guidelines should not be the same for first-time parole applicants and applicants requesting their parole be "re-instated" and the Parole Board should not have "unfettered discretion" in deciding to grant or deny parole, are without merit.

For his third ground for habeas relief, Petitioner complains about the change in Mississippi Code Annotated § 47-7-5 requiring four instead of three votes by the members of the Parole Board to grant parole when the offender has been convicted of a sex offense or capital murder.  Pet. [1] at 8.  This Court liberally construing this claim finds that Petitioner is asserting that § 47-7-5 is prohibited by the Ex Post Facto Clause because it is now more difficult for him to secure parole.  The change in the number of Parole Board member votes required for him to obtain parole does not affect the eligibility of parole, merely the suitability of parole which does not have ex post facto implications.  *See Wallace v. Quarterman*, 516 F.3d 351, 355-56 (5th Cir. 2008).  Thus, Petitioner does not have a viable claim that the Ex Post Facto Clause has been violated.

Petitioner's final ground for habeas relief is whether the trial court erred in its dismissal

of his action, without considering the merits of his petition, for lack of jurisdiction. Pet. [1] at 10. Petitioner attaches to his petition [1] a copy of the Order entered by the Mississippi Supreme Court on July 26, 2012, in cause number 2012-M-00881, ruling that the Petition for Writ of Prohibition filed by Petitioner was an attempt to appeal the decision of the trial court and was denied because the appeal could not be done by such means. Pet. [1-1]. Under these circumstances, this Court finds that the final ground for habeas relief is barred by the independent and adequate state ground doctrine. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991)(stating that federal habeas review is barred "when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement"). Furthermore, Petitioner has failed to establish that the independent and adequate state ground doctrine does not apply. *See id.* at 749-50. Consequently, this ground for habeas relief fails.

## Conclusion

For the reasons discussed in this Memorandum Opinion and Order, the Court finds that Petitioner has failed to state a viable ground for habeas corpus relief pursuant to 28 U.S.C. § 2254. Accordingly, this case will be dismissed with prejudice without an evidentiary hearing.

SO ORDERED, this the 23rd day of January, 2013.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE